[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the judicial district of Waterbury. Many of the facts that give rise to this action are not in dispute. The plaintiff whose maiden name is Jacqueline T. Butler and the defendant were married on October 10, 1986 in Waterbury, Connecticut. The plaintiff has resided continuously in the state of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There is one minor child issue of this marriage, Meshaun R. Thomas born July 31, 1988. The plaintiff has one other minor child who was born prior to the date of the marriage, Nichole E. Thomas born October 20, 1985 and the defendant is not the father of that child. The plaintiff does not have any other minor children and neither party has received state assistance.
From the evidence presented, the Court finds that each party is equally at fault for the breakdown of the marriage.
The plaintiff was born on June 6, 1966. The plaintiff is in excellent health.
The plaintiff has liabilities totaling $11,732. All except the liability for Citi Financial were incurred solely by the plaintiff. The Citi Financial liability was a consolidation of various loans that were outstanding.
The plaintiff's financial affidavit lists household goods with a value CT Page 7416 of $30,000. That represents the value of those household goods if purchased new. The value of the household goods as used household goods is between $5,000 and $10,000. She has checking and savings accounts with a balance of $160. She leases a motor vehicle. She owns a home at 25 Cross Street, Waterbury, Connecticut with a total value of $78,200. The mortgage balance is approximately $70,000. She purchased that home in September 1999.
The plaintiff has gross weekly income of $511 through her employment with the U.S. Military. In addition, she has a food supplement that she receives through her employment shown as BAS on her financial affidavit of $66 weekly and a housing allowance shown on her financial affidavit at BAH of $231 weekly. The Child Support Guidelines define gross income as including employment perquisites and in-kind compensation (any basic maintenance or special needs such as food, shelter provided on a recurring basis in addition to salary or wages). The court therefore in calculating the amount of support due under the Child Support Guidelines has included the plaintiff's food supplement and housing allowance as part of her gross weekly income which results in her gross weekly income amounting to $808.
The defendant was born September 15, 1966. The defendant is in excellent health.
The defendant has three liabilities totaling $6,300.
The defendant owns a home at 18 Hunt Hill Road, Waterbury, Connecticut. It has a value of approximately $90,000 and is encumbered by a mortgage.
The defendant's financial affidavit shows his gross weekly income as being $700. From the defendant's testimony the court finds that his average gross weekly income is $720.
An arrearage order was entered in the Magistrate's court finding an arrearage due from the defendant to the plaintiff as of January 20, 2001 of $13,668. The defendant claims that the arrearage is not that high. Any such claims will have to be addressed by the Magistrate's Court.
The defendant purchased property at 48 Ives Street, Waterbury, Connecticut, in his name on February 1, 1995. The property is a residential rental building. It is presently under foreclosure. The court finds that the defendant holds the property in trust for his brother.
The defendant was also one of three persons who entered into a lease for a barber/beauty salon on February 15, 2000. The court finds that the CT Page 7417 defendant has terminated any interests that he has in that lease and therefore does not have any income from that business.
The parties entered into a custody and visitation agreement dated October 30, 2000, and coded number 108. That agreement provides in part as follows:
 "They will share joint custody of their child, Meshaun. Mother's home will be the primary residence. Father will care for Meshaun every Monday through Friday from 3:00 p.m. to 7:00 p.m. He will return her and her sister Nichole to mother's home each week day at 7:00 p.m. when both girls will be in the mother's custody or in the custody of a designated care provider. Father will check Meshaun's assignment notebook each evening and assist her with her homework. In addition Meshaun will see her father every other weekend beginning November 3, 2000. During the year 2000 Meshaun will spend Thanksgiving day and Christmas day with her father from 12:00 noon to 8:00 p.m.
The plaintiff now seeks to reduce the amount of time the defendant is to spend with the child and the defendant seeks to increase the amount of time. The court finds that the stipulated agreement between the parties dated October 30, 2000, to the extent that it relates to the minor child, Meshaun, is in the best interests of the minor child, Meshaun, and therefore enters orders in accordance with that stipulation. The orders that are entered do not involve the minor child Nichole as she is not issue of the marriage and the defendant has not filed any pleading seeking visitation with her.
The minor child Meshaun presently attends St. Joseph's school. The tuition for the school year September 2001 to June 2002 will be $1,950. She is presently in the seventh grade and will commence eighth grade in September of 2001. St. Joseph's school goes through the eighth grade. The mother seeks to have the father pay for one-half of the tuition for the current school year as well as the school year commencing September 2001. The court does not enter any order for the father to pay for the current school year as that would be a retroactive order.
The plaintiff previously held title to a 1990 Infiniti motor vehicle. Prior to October 20, 1999, the defendant without the plaintiff's consent transferred title of that vehicle into both names. On October 20, 1999, that vehicle was involved in a collision with the insurance company paying $11,011.18 to the defendant on November 15, 1999. The defendant CT Page 7418 retained that full $11,011.18.
The plaintiff presently owns a 1991 Infiniti for which there is due to the City of Waterbury taxes in the amount of $369.72. The defendant owns a 1990 Infiniti for which there is presently taxes due to the City of Waterbury in the amounts of $473.68, $267.89 plus $634.33.
This court has considered the provisions of § 46b-82 regarding the issue of alimony, and has considered the provisions of § 46b-81(c) regarding the issue of property orders, and has considered the provisions of § 46b-84 and the Child Support Guidelines regarding the issue of support, and has considered the provisions § 46b-56 regarding the issues of custody and visitation and has considered the provisions of § 46b-62 regarding the issue of attorneys' fees. The court enters the following orders:
 ORDERS
A. BY WAY OF DISSOLUTION OF MARRIAGE
 1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF ALIMONY
 1. No periodic alimony is awarded in favor of either party.
 2. The defendant is ordered to pay to the plaintiff as lump sum alimony the sum of $5,500. Said alimony is to be paid at the rate of $50.00 per week without interest commencing July 2, 2001 and weekly thereafter. In the event the defendant is more than 7 days behind in any payment then interest on the unpaid balance is to run at the rate of 8% per annum.
C. BY WAY OF CUSTODY AND VISITATION
1. The court enters an order of joint custody of the minor child Meshaun with primary physical residence with the plaintiff. The defendant is to have visitation every Monday through Friday from 3:00 p.m. to 7:00 p.m. He is to return her to the mother's home each weekday at 7:00 p.m. when the child will be in the mother's custody or in the CT Page 7419 custody of a designated care provider. The father is to check Meshaun's assignment notebook each evening and assist her with her homework.
 2. The defendant is to also have visitation with Meshaun every other weekend.
 3. The child is to spend Thanksgiving day and Christmas day with the defendant from 12:00 noon to 8:00 p.m.
D. BY WAY OF SUPPORT
 1. The defendant is to pay to the plaintiff support in the amount of $104 per week and in addition is to pay 37% of any unreimbursed medical and any qualified child care expenses.
 2. For so long as the plaintiff is in the military she is to make military health services available for the minor child Meshaun.
 3. For each even calendar year in which the defendant is current at the end of such calendar year in his support obligations, his unreimbursed medical and childcare obligations and his alimony obligations; he shall have the right to claim the minor child Meshaun as a deduction for Federal and state income tax purposes.
E. BY WAY OF PROPERTY ORDERS
 1. The plaintiff is to pay the municipal liability on the 1991 Infiniti to the City of Waterbury in the amount of $369.72 and hold the defendant harmless therefrom.
 2. The defendant is to pay the taxes due to the City of Waterbury on the 1990 Infiniti in the amounts of $473.68, $267.89 and $634.33 and hold the plaintiff harmless therefrom. Each party is to pay the taxes ordered in a timely fashion so that the other party will not be adversely affected in registering his or her motor vehicle.
3. The plaintiff is to pay the liabilities shown on her financial affidavit and hold the defendant harmless CT Page 7420 therefrom.
 4. All the plaintiff's interests in her home at 25 Cross Street, Waterbury, Connecticut is awarded to the plaintiff.
 5. The plaintiff's interest in the leased motor vehicle shown on her affidavit is awarded to the plaintiff.
 6. All household goods in the plaintiff's possession are awarded to the plaintiff.
 7. The First Union checking and savings accounts shown on the plaintiff's financial affidavit are awarded to the plaintiff.
 8. The liabilities shown on the defendant's financial affidavit are to be paid by the defendant and he is to hold the plaintiff harmless therefrom.
 9. The defendant's interest in his property at 18 Hunt Hill Road, Waterbury, Connecticut is awarded to the defendant.
 10. The defendant's 401K plan shown on his financial affidavit is awarded to the defendant.
F. BY WAY OF ATTORNEYS' FEES
 1. No attorneys' fees are awarded in favor of the defendant.
G. MISCELLANEOUS ORDERS
 1. Counsel for the defendant is to prepare the judgment file within thirty days and file it in the clerk's office.
 2. The parties are to exchange copies of their Federal and state income tax returns for so long as there is an outstanding support order or any arrearage thereto.
3. An immediate wage execution is authorized.
AXELROD, J. CT Page 7421